1  MARLENE THOMASON
   Attorney at Law
2  5160 Birch Street, Suite 100
   Newport Beach, CA 92660
3  Tel:(714) 840-0500
   E;Mail:marlene.thomason@zoho.com
4
5  In Propria Persona
6
7
8              UNITED STATES DISTRICT COURT
9    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10 |                                    )
11 | MARLENE THOMASON, an individual    )  Case No:
   |                                    )
12 |              Plaintiff,            )  COMPLAINT FOR BREACH OF
   |                                    )  CONTRACT; FRAUD;
13 |      vs.                           )  MISREPRESENTATION; BREACH OF
   |                                    )  COVENANT OF GOOD FAITH AND
14 | STATE NATIONAL INSURANCE           )  FAIR DEALING
   | COMPANY, INC., a Texas corporation; and )
15 | DOES 1 -50                         )
   |                                    )
16 |                                    )
   |              Defendants.           )
17 |                                    )

18 Plaintiff, Marlene Thomason, alleges as follows:
19
20
21                      INTRODUCTION
22     1. Plaintiff brings this action to collect unpaid attorney fees owed by defendant in connection
23 with the defense of Dan Luo, an employee of U.S. Sino, Inc., an entity insured by Defendant.
24 Defendant extended a courtesy defense to Mr. Luo under the terms of its policy with U.S. Sino, Inc.
25 and engaged plaintiff to provide a defense for Mr. Luo, reserving its rights under the policy.
26 Defendant made one payment to plaintiff toward fees and thereafter failed to pay fees and costs
27 incurred over a six-month period. Plaintiff withdrew from representation of Mr. Luo, made
28 numerous demands for payment to Defendant, all of which were ignored.

2. Defendant's insured, U.S. Sino, Inc., and Mr. Luo, an employee of U.S. Sino, Inc., were sued in the Superior Court of the State of California, County of Santa Clara, Case Number 112CV236494.

3. Defendant sued Mr. Luo and U.S. Sino, Inc. in a declaratory relief action the United States District Court Northern District of California, San Jose Division in case number 13CV-05240-PSG, to adjudicate its rights and responsibilities under the contract of insurance with Mr. Luo's employer, U.S. Sino, Inc. That action has been temporarily stayed pending further development of the State Court action, which was not at issue when the Declaratory Relief was filed, and is not at issue now.

### THE PARTIES

4. Plaintiff is an individual and, at all times herein mentioned, was, a resident of the State of California.

5. Defendant, State National Insurance Company, Inc., is now, and at all times herein mentioned was, a Texas corporation with its principal place of business in Texas.

6. Plaintiff does not know the true names of defendants sued herein as Does 1 through 50, but is informed and believes they are liable to plaintiff for the damages herein alleged.

### JURISDICTION AND VENUE

7. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. Section 1332(a)(1), in that Plaintiff, Marlene Thomason, is a resident of California and Defendant, State National Insurance, Inc., is a citizen of Texas.

### FACTS

8. On June 21, 2013 coverage counsel for State National Insurance, Joseph Long, authored a coverage letter on behalf of defendant providing defendant reserves all rights and defenses under the policy of insurance with Mr. Luo's employer, Richard Liu, and agreed to provide a "courtesy defense" to Mr. Luo under the terms of defendant's policy of insurance.

9. On or about July 29, 2013 Plaintiff entered into an agreement with defendant's authorized agent, Mark Jones of U.S. Administrator Claims, which is in part oral and in part written wherein plaintiff agreed to represent Mr. Luo in the matter of Pacheco vs. U.S. Sino, Inc., et al, in the Superior Court of the State of California, County of Santa Clara, Case Number 112CV236494.

2

Complaint
Thomason vs. State National Insurance Company, Inc.

10. Defendant agreed to pay fees and costs incurred by Mr. Luo from the date of his demand for a defense under the terms of the policy of insurance issued by defendant to U.S. Sino, Inc. Additionally, defendant agreed to pay attorney fees incurred by Mr. Luo at a rate of $245.00 per hour and costs incurred in connection with the defense of the case on behalf of Mr. Luo.

11. In furtherance of this agreement defendant issued a check in the sum of $16,412.15 for fees and costs incurred between April 1, 2013 and June 16, 2013. Between June 2013 and February 2014 plaintiff advanced costs in connection with representation of Mr. Dan Luo in the sum of $5,466.79 and provided services resulting in fees of approximately $20,000.00. In summary, these costs and fees include four depositions, deposition costs, a settlement conference, preparation for depositions and file review of pleadings and preparation of discovery. At various times between June 2013 and February 2014 the authorized representative of State National Insurance indicated invoices had been submitted to "HO" (home office) for payment. Invoices for the period indicated remain unpaid and there is no indication State National Insurance will pay these fees without court intervention.

12. On or about December 2013 defendant filed a declaratory relief action in the United States District Court Northern District of California, San Jose Division in case number 13CV-05240-PSG, to determine its obligation, if any, to provide a defense for Mr. Luo in the underlying state court action Plaintiff was hired to defend.

13. In brief, the action in Santa Clara Superior Court alleges a construction worker died as a result of a slope failure on a construction site in Milpitas, California. U.S. Sino, Inc., owned by Richard Liu, was the general contractor and Polo Perez Construction was the contractor hired to execute all aspects of the construction including grading and foundation. Richard Liu also operated a real estate business and owned and operated a construction company in China at the time of the accident in January of 2012. Polo Perez Construction was terminated from the job pursuant to a joint decision by Richard Liu and the owner/builder, Wesley Chen. Richard Liu obtained a bid from a contractor he had previously worked with, Loza Construction, however Loza declined to enter into a contract to complete the project but agreed to loan his crew, including his job foreman, to complete the foundation of the project. A member of that crew died in the slope failure. There are disputes as to that hired the crew; whether the crew was "loaned"; Mr. Luo's status as office assistant or project

1    manager; and whether Mr. Luo was an employee of U.S. Sino or an independent contractor.

2    Additionally, cross-complaints allege negligence of the architect; civil engineer and soil engineer as

3    the proximate cause of the slope failure due to negligent design of the project and cross-complaints

4    were filed by these individuals against Dan Luo seeking indemnity.

5        14. Eight depositions of key parties and witnesses were set in March and April of 2013. After

6    having made numerous attempts to obtain reimbursement of costs advanced and fees, Plaintiff

7    informed Defendant she would be withdrawing from the case on February 14, 2014 if payment was

8    not made on past invoices. This notice was made to Defendants in December 2013. No payment was

9    made and Plaintiff withdrew from the case.

10       15.  In spite of repeated requests for counsel by Mr. Luo no attorney was retained by Defendant

11   to represent Mr. Luo and invoices for the period June 2013 through February 2014 remain unpaid.

12                                   FIRST CLAIM FOR RELIEF

13                                      (Breach of Contract)

14       16. Plaintiff hereby re-alleges and incorporates by reference the allegations in paragraphs 1-15.

15       17. Defendant has failed to pay attorney fees and costs as agreed, and thus breached its

16   contract with Plaintiff.

17       18.  Plaintiff has suffered damage as a result of Defendant's breach of contract with Plaintiff.

18       19. As a result of the conduct set forth herein Plaintiff demands judgment against Defendant

19   in an amount to be proven at trial, and such other and further relief as may be just and proper and

20   allowable including pre-judgment interest and costs of suit.

21                                  SECOND CLAIM FOR RELIEF

22                                     (Fraudulent Inducement)

23       20. Plaintiff hereby re-alleges and incorporates by reference the allegations in paragraphs 1-19.

24       21. Defendant made material misrepresentations of fact in that Defendant failed to pay fees

25   and costs as promised to discourage aggressive representation of a litigant and minimize fees and

26   costs through non-payment of fees as agreed to increase the chance of success in Defendant's

27   Declaratory Relief action described above. Defendant has intervened in the underlying State Court

28   action Plaintiff was hired to defend to participate in discovery for the purpose of utilizing that

4

Complaint
Thomason vs. State National Insurance Company, Inc.

1   discovery to advance its theory Dan Luo is not entitled to coverage under the terms of its policy of

2   insurance with his employer.

3       22.  Defendant fraudulently induced Plaintiff to continue representation of Dan Luo and

4   advance fees by misrepresenting its intention to pay fees and costs as agreed.

5       23. As a result of Defendant's intentional misrepresentations, omissions, and concealment

6   Plaintiff has been damaged in a sum according to proof.

7                   THIRD CAUSE OF ACTION

8                   (Negligent Misrepresentation)

9       24. Plaintiff hereby re-alleges and incorporates by reference the allegations in paragraphs 1-23.

10      25. Defendant, in the course of its dealings with Plaintiff, made material false representations

11  to Plaintiff including (a) Defendant would promptly pay reasonable and customary costs and fees

12  submitted by Plaintiff; (b) Defendant would act fairly and deal in good faith in payment of Plaintiff's

13  fees and costs and not utilize its superior economic position to inhibit vigorous advancement of Dan

14  Luo's interests even though such representation would develop facts supporting continued coverage

15  of Dan Luo in the State Court action. (c)  Defendant would act fairly and deal in good faith in

16  payment of Plaintiff's fees and costs and not utilize its superior economic position to inhibit vigorous

17  advancement of Dan Luo's interests even though such representation would develop facts that may

18  establish his right to coverage in Defendant's Declaratory Relief action filed in this court.

19      26. Plaintiff relied to her detriment on these statements in entering into an agreement with

20  Defendant to provide the legal services and advance costs described herein.

21      27. Plaintiff has been harmed by defendant's negligent misrepresentations and omissions in a

22  sum according to proof.

23                  FOURTH CAUSE OF ACTION

24           (Breach of Covenant of Good Faith an Fair Dealing)

25      28. Plaintiff hereby re-alleges and incorporates by reference the allegations in paragraphs 1-27.

26      29. Defendant had a duty to Plaintiff to act in good faith and exercise care in a reasonable and

27  good faith manner in the performance of duties and obligations imposed by its contract with

28  Plaintiff. In doing the acts herein above alleged Defendant deliberately contravened the intention and

5

Complaint
Thomason vs. State National Insurance Company, Inc.

1  spirit of the contract of representation described above and acted in an oppressive and reckless

2  disregard of their duty to act fairly and deal in good faith with Plaintiff.

3      30.  In doing the things alleged Defendant acted in bad faith and with an intentional,

4  malicious, oppressive and conscious disregard for their duties under the contract with Plaintiff

5  resulting in damage to Plaintiff in an amount according to proof.

6  REQUEST FOR RELIEF

7      WHEREFORE,  Plaintiff demands trial by jury in connection with the relief set forth

8  above.

9      WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be

10  determined at trial, and such other and further relief as may be just, proper and allowable, including

11  pre-judgment and post-judgment interest and costs of this suit.

12

13      Respectfully submitted,

14

15  Marlene Thomason

16

17

18

19

20

21

22

23

24

25

26

27

28

6
Complaint
Thomason vs. State National Insurance Company, Inc.